530

843 A.2d 887

**Timothy Michael WIGGINS**

v.

**Terri Henri GRINER.**

**No. 10, Sept. Term, 2003.**

Court of Special Appeals of Maryland.

March 5, 2004.

Toni Roth St. John (Legal Aid Bureau, Inc. on the brief), Baltimore, for appellant.

Brief not submitted, for appellee.

Argued before DAVIS, EYLER, JAMES R., WENNER, WILLIAM W. (Ret., specially assigned), JJ.

JAMES R. EYLER, Judge.

In February, 1991, as part of a consent paternity decree entered by the Circuit Court for Baltimore City, Timothy Wiggins, appellant, was ordered to pay child support for a minor child born to Terri Griner, appellee. On February 11, 2002, appellant filed a motion to modify child support in circuit court, asking the court to order genetic testing to determine whether appellant is in fact the father of the child he had been ordered to support. The trial court ordered the testing, but required appellant to pay for the testing "up front."

Appellant challenges the circuit court's denial of his motion to waive the costs of paternity testing. Appellant argues that, because he is indigent, Maryland statutory law and federal Constitutional law require that Baltimore City bear the costs of this testing. The circuit court failed to make a factual finding regarding appellant's indigency. Consequently, we shall vacate the order denying appellant's motion and remand for a determination of indigency.

## Factual Background

On February 1, 1991, appellee filed a paternity petition in circuit court, seeking to have appellant declared the father of her child, born September 3, 1990. On the same day, the parties signed a consent paternity decree, whereby the circuit court gave custody and guardianship of the child to appellee and ordered appellant to pay $25 per week in child support, effective March 25, 1991.

On February 11, 2002, appellant filed a motion to modify his child support payments, requesting paternity testing of the parties and asking the trial court to modify his payments accordingly. In this motion, appellant stated that he is unsure whether he is the biological father of the child and that for seven years he had unsuccessfully attempted to request paternity testing through MAXIMUS/Baltimore City Office of Child Support Enforcement (MAXIMUS/BCOCSE). Further, appellant stated that he had never seen the child, nor had any contact with her, and that his last contact with appellee before filing the motion to modify was "sometime around 1989." Appellant indicated in the financial statement attached to his motion that he had no income at the time of filing.

Appellee filed an answer on March 14, 2002. On July 19, 2002, a Master's hearing was held on appellant's motion. Thereafter, the trial court ordered the parties to submit to genetic testing, to be paid for by appellant "up front," and ordered MAXIMUS/BCOCSE to complete an audit of the child support account by October 18, 2002. A hearing on the test results was scheduled for December 2, 2002.

According to appellant, he was unable to pay for the paternity test. He filed a motion for waiver of paternity testing costs on November 14, 2002, pursuant to Md.Code (1974, 1999 Repl.Vol.), § 5–1029(h)(2) of the Family Law Article.[1] Section 5–1029(h)(2) provides that, "[i]f any party chargeable with the cost of the blood or genetic test . . . is indigent, the cost of the blood or genetic test shall be borne by the county where the proceeding is pending . . . ," in this case, Baltimore City. Appellant attached a request for waiver of prepayment to his motion for waiver, stating that he was indigent. The December hearing was postponed so that the court could rule on the waiver issue.

On November 21, 2002, the trial court denied appellant's motion for waiver, stating only that "insufficient information"

---

1. Hereinafter, unless otherwise noted, all references to the Md.Code are to § 5–1029 of the Family Law Article.

was supplied. Thereafter, appellant filed a Motion for revision of denial of waiver on February 4, 2003, stating again that he was indigent, and requesting that costs be waived and a hearing be held on the issue. On February 5, 2003, the court denied this motion without holding a hearing, stating only "see order dated July 24, 2002." [2]

Appellant filed a timely notice of appeal on March 4, 2003, and on April 8, 2003, the trial court granted appellant's motion to stay the trial court's proceedings.

## Standard of Review

■■ The Court of Appeals clearly outlined our standard of review with regard to interpreting whether a circuit court's order was legally correct: "where the order involves an interpretation and application of Maryland statutory and case law, our Court must determine whether the lower court's conclusions are 'legally correct' under a *de novo* standard of review." *Walter v. Gunter*, 367 Md. 386, 391–92, 788 A.2d 609 (2002). Factual determinations made by the circuit court are reviewed for clear error. *Atty. Griev. Comm'n v. Granger*, 374 Md. 438, 453, 823 A.2d 611 (2003).

## Discussion

■ Appellant contends that the circuit court erred in failing to grant his motion to waive paternity testing costs. First, appellant argues the trial court violated § 5–1029(h)(2) in failing to grant appellant's motion on the grounds of his indigency. Second, appellant argues, the trial court abused its discretion in denying his motion without holding a hearing and without any evidence indicating that appellant was not indigent. Finally, appellant argues that the trial court violated his Constitutional due process rights in denying his waiver of paternity testing costs.

---

**2.** The July 24 order referenced by the circuit court appears to be the initial order requiring the parties to submit to genetic testing and requiring appellant to pay for this testing "up front."

Although appellant was declared the father of appellee's child through a consent decree in 1991, Maryland law clearly provides that "[a] declaration of paternity may be modified or set aside: ... (2) if a blood or genetic test done in accordance with § 5–1029 of this subtitle establishes the exclusion of the individual named as the father in the order." Md.Code (1974, 1999 Repl.Vol.), § 5–1038(a)(2) of the Family Law Article. In interpreting this statute, the Court of Appeals found that, under § 5–1038, "anyone who has had a paternity declaration entered against him prior to October 1, 1995, without blood and genetic testing, generally may initiate proceedings to modify or set aside that declaration...." *Langston v. Riffe*, 359 Md. 396, 437, 754 A.2d 389 (2000) (affirming *Tyrone W. v. Danielle R.*, 129 Md.App. 260, 741 A.2d 553 (1999)). Therefore, the fact that appellant was initially established as the father of appellee's child does not now preclude him from challenging that declaration and requesting genetic testing.

Section 5–1029 governs paternity testing in circuit court paternity proceedings and states:

**Cost**—(1) Unless indigent, the party who requests a blood or genetic test of who secures the appearance in court of a doctor or technician for the laboratory that prepares the report of the blood or genetic test is responsible for the cost of the test and the costs associated with the court appearance. However, if the requesting party prevails in the proceeding, the court shall assess the cost of the blood or genetic test or the costs associated with the court appearance against the other parties to the proceeding.

(2) If any party chargeable with the cost of the blood or genetic test or the costs associated with court appearance is indigent, the cost of the blood or genetic test or the costs associated with the court appearance shall be borne by the county where the proceeding is pending, except to the extent that the court orders any other party to the proceeding to pay all or part of the cost.

The language of the statute clearly provides that, *if* a person is indigent, the costs of genetic testing *shall* be borne by the county where the proceeding is pending.

The circuit court in the instant case denied appellant's motion without making any evidentiary findings sufficient to permit appellate review with respect to whether appellant is indigent. Appellant submitted, under penalty of perjury, evidence of his indigency in the form of his request for waiver statement and a financial statement. Nevertheless, the court denied his requests without explanation.[3]

The circuit court should have clearly indicated whether it determined that appellant was indigent and explained its findings. As an appellate court, we are not permitted to make factual findings regarding whether appellant is indigent. *See McDonald v. State,* 347 Md. 452, 478, 701 A.2d 675 (1997) (noting that when there is a need for additional factual findings, an appellate court should remand the case to the circuit court for an evidentiary hearing to make factual conclusions).

We vacate the circuit court's denial of appellant's motion and remand for a determination of appellant's indigency. Because there is an adequate basis to vacate the circuit court's decision based on statutory law, we need not consider appellant's constitutional arguments.

**ORDER DENYING MOTION TO WAIVE PATERNITY TESTING COSTS VACATED.**

**COSTS TO BE ASSESSED BY THE CIRCUIT COURT FOR BALTIMORE CITY IN ACCORDANCE WITH ITS DETERMINATION UNDER SECTION 5–1029(h)(2) OF THE FAMILY LAW ARTICLE.**

---

**3.** Initially, when appellant's motion was denied, the court simply stated that insufficient information was supplied. The court gave no guidance as to what additional information it required in order to make its findings. Appellant's second motion was denied with only a reference to a July 24, 2002 order requiring the parties to submit to genetic testing and for appellant to pay for the testing "up front."